UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                *Plaintiff,*

                **NOTICE OF SUPPLEMENTAL MOTION TO CONTROVERT SEARCH WARRANT**
                Case No.: 20-CR-150

vs.

DANIEL RODRIGUEZ,

                *Defendant.*

---

S I R S:

    COMES NOW the defendant, DANIEL RODRIGUEZ, by and through his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, attorneys for the defendant and upon the annexed affidavit of JUSTIN D. GINTER, ESQ., hereby moves this Court for the relief set forth in the affidavit annexed hereto and made a part hereof together with such other and further relief as to this court deems just and proper.

DATED:    Buffalo, New York
               July 23, 2021

                                           Respectfully submitted,

                                           LIPSITZ GREEN SCIME CAMBRIA, LLP
                                           JUSTIN D. GINTER, ESQ.
                                           *Counsel for Defendant, DANIEL RODRIGUEZ*
                                           Office and Post Office Address
                                           42 Delaware Avenue
                                           Buffalo, New York 14202
                                           (716) 849-1333
                                           jginter@lglaw.com

TO:    MICHAEL J. ADLER
          EVAN K. GLABERSON
          ASSISTANT UNITED STATES ATTORNEY
          138 Delaware Avenue
          Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                *Plaintiff*,

                **AFFIDAVIT OF JUSTIN D. GINTER, ESQ. IN SUPPORT OF SUPPLEMENTAL MOTION TO CONTROVERT SEARCH WARRANT**

        vs.                Case No.:  20-CR-150

DANIEL RODRIGUEZ,

                *Defendant*.

_____

STATE OF NEW YORK   )
COUNTY OF ERIE        )

        JUSTIN D. GINTER, ESQ., being duly sworn, deposes and says:

1.      I am an attorney at law duly licensed to practice within the courts of the State of New York and in this Court.  I represent the Defendant, Daniel Rodriguez ("Defendant" or "Mr. Rodriguez"), and as such are fully familiar with the facts and circumstances of the instant case.

2.      Counsel previously filed with the Court an omnibus motion seeking various forms of relief. Your deponent adopts the motions previously filed on January 15, 2021. (*See* Dkt. 19).

3.      Below is counsel's Supplemental Motion to Controvert the Search Warrant executed at 120 Center Avenue, North Tonawanda, New York, as well as, the search of his person and vehicle.

**THE GOVERNMENT HAS NOT ESTABLISHED A NEXUS BETWEEN ALLEGED CRIMINAL ACTIVITY AND THE PROPERTY SEARCHED**

4.      The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.  U.S. Const. amend.

IV. To establish probable cause to search a residence, two factual showings are necessary: first, that a crime was committed; and second, that there is sufficient probable cause to believe that evidence of such crime is located in the residence. *See United States v. Travisano,* 724 F.2d 341, 345 (2d Cir. 1983).

5.     The critical element in a reasonable search is not that the owner of the property is suspected of a crime but that there is probable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought. *See Zurcher v. Stanford Daily,* 436 U.S. 547, 556 (1978).

6.     Probable cause to search a place exists only if the issuing judge finds, under a "totality of the circumstances," that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Ponce,* 947 F.2d 646, 650 (2d Cir. 1991) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).

7.     Probable cause requires more than a generalized suspicion. *See United States v. Ceballos*, 654 F.2d 177, 185 (2d Cir. 1981). Probable cause must be based on "knowledge of, or reasonably trustworthy information as to, facts and circumstances" warranting a belief in the commission of criminal activity by a certain person. *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007).

8.     Additionally "A warrant may lack probable cause where the facts supporting the criminal activity have 'grown stale' by the time the warrant issues. Staleness may arise where the evidence supporting the warrant is not sufficiently close in time to the issuance of the warrant that probable cause can be said to exist *as of the time of the search*." *United States v. Guay*, 464 F. Supp. 3d 507, 514 (W.D.N.Y. 2020). Whether a particular search is "stale" rests on the facts of the particular case. *See id*.

9. The Second Circuit has identified two "critical factors" in determining staleness: (1) the age of the facts alleged, and (2) the nature of the conduct alleged to have violated the law. *See United States v. Ortiz*, 143 F.3d 728, 732 (2d Cir. 1998). Critically, it is also relevant whether the warrant application's supporting affidavit "depicts continuing conduct or an isolated and random instance[] of illegal conduct." *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2006).

10. For example, in *United States v. Wagner*, 989 F.2d 69 (2d Cir. 1993), the search warrant affidavit stated that a confidential informant purchased a small quantity of marijuana from the defendant on March 19, 1991. *See id*. at 74. Six weeks later, a search warrant was issued for the search of the defendant's home and was physically conducted six days later. *See id*. The court held that "while the affidavit might barely have supported a search that was more or less contemporaneous with the CI's drug purchase, the six week delay placed the information in the affidavit below the probable cause threshold." *Id*. As a result, the fruits of the search were suppressed. *See id*. at 76.

11. Here, the affidavit was prepared by an experienced law enforcement agent who simply lacked the facts to connect any criminal activity to 120 Center Avenue. The alleged homicide, which is the reason law enforcement sought a warrant, took place on August 27, 2019. The warrant application describes the investigation and, based on cellular records, why they believe Mr. Rodriguez was involved in the alleged incident. However, the application provides insufficient proof to establish probable cause to believe that there would be any evidence of the crime in 120 Center Ave.

12. The affidavit supporting the search warrant application describes the events of August 27, 2019 which took place at 111 Ebling Avenue, and Mr. Rodriguez's alleged location near 111 Ebling Avenue based upon cell-site location information. (*See* Search Warrant Application at ¶¶ 5-25.)

13. With respect to "locations of the evidence," the affidavit simply states that Mr. Rodriguez rents the lower unit at 120 Center Avenue, North Tonawanda, New York. (*See id*. at ¶ 41.) As noted above, Mr. Rodriguez began renting 120 Center Ave. approximately one week before the search warrant application was filed. Without any additional information, the affidavit concludes that there is reasonable cause to believe that evidence of the suspected crimes would be present at 120 Center Avenue, North Tonawanda, New York. (*See id*. at ¶ 44.) However, the affidavit utterly lacks any nexus between the suspected criminal activity and Mr. Rodriguez's address.

14. Importantly, the search warrant was applied for on September 9, 2020, *over a year after the alleged crime took place*. The warrant application also states that Mr. Rodriguez had just moved into the home about a week prior to the filing of the search warrant application.

15. Simply put, there is no nexus between the alleged criminal activity and the place searched and evidence supporting the warrant is not sufficiently close in time to the issuance of the warrant that probable cause can be said to exist *as of the time of the search*. Indeed, Mr. Rodriguez did not reside at 120 Center Ave. at the time the alleged crime was committed, and the affidavit offers no *actual* evidence that any fruits of that crime might be present at Mr. Rodriguez's home.

16. As a result, the agent's search warrant affidavit is devoid of any probable cause to search the residence at 120 Center Avenue. The Fourth Amendment requires that "no warrants [authorizing searches and seizures] shall issue, but upon probable cause…" U.S. Const. amend IV; *Coolidge v. New Hampshire*, 403 US 443, 467 (1971).

17. Therefore, for reasons set forth above, we ask the Court to find that the search warrant for 120 Center Avenue, North Tonawanda, New York lacks probable cause in all respects.

18. Assuming that this Court recommends that the findings of the search warrants should be controverted, counsel asks that any evidence derived from the search warrants or any

evidence obtained or at the result of the execution of the unlawful search warrants also be suppressed.

      WHEREFORE, your deponent prays that this Court rule accordingly.

                                /s/Justin D. Ginter
                                _____
                                JUSTIN D. GINTER, ESQ.

Subscribed and sworn to before me this
23rd day of July, 2021.

/s/Kristina Drewery
Commissioner of Deeds
Qualified in Erie County
My Commission Expires December 31, 2022